**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

APANTAC, LLC, an Oregon limited liability,

Plaintiff-Appellant,

v.

AVITECH INTERNATIONAL CORPORATION, a Washington corporation; JYH CHERN GONG, AKA Morris Gong,

Defendants-Appellees.

No.    14-35900

D.C. No. 3:11-cv-01507-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 5, 2017[**]
Portland, Oregon

Before: TASHIMA, GOULD, and RAWLINSON, Circuit Judges.

Apantac, LLC (Apantac) sued Avitech International Corporation (Avitech)

and its principal Jyh Chern Gong (also known as Morris Gong, hereinafter referred

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to as Gong), asserting intentional interference with a business relationship.

Apantac asserts that Avitech/Gong, through Taiwanese Silicon Video Systems,

Inc. (SVS), initiated criminal and civil complaints in Taiwan against Elite Image,

Ltd. (Elite), Apantac's Taiwanese sister company, and Elite's employees. The

district court granted summary judgment in favor of Avitech/Gong, concluding that

Apantac did not establish a protectable relationship with Elite. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm although on a different ground.

Apantac did not allege cognizable damages.

This diversity action arises under Oregon law. Under Oregon law,

> [t]o state a claim for intentional interference with economic relations, a plaintiff must allege each of the following elements: (1) the existence of a professional or business relationship (which could include, *e.g.*, a contract or a prospective economic advantage), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages.

*McGanty v. Staudenraus*, 901 P.2d 841, 844 (Or. 1995) (en banc).

The district court characterized Apantac and Elite's relationship as one that

arises from the litigation between Elite and SVS. A relationship that is formed

because of litigation is not the type of professional or business relationship

susceptible to the tort of intentional interference with a business relationship. *See*

*Fox v. Country Mut. Ins. Co.*, 7 P.3d 677, 690 (Or. Ct. App. 2000). We disagree

with the district court's characterization of Apantac and Elite's relationship. That

2

relationship is based on Apantac's work with Elite "in the designing and manufacturing of various products that are sold by" Apantac. Apantac, however, does not clearly define the nature of this relationship—characterizing it both as a principal-agent relationship and as a contractor-subcontractor relationship.

We need not determine the exact nature of Apantac and Elite's relationship. Even assuming (without deciding) that Apantac and Elite's relationship is protectable and that Avitech/Gong tried to interfere with that relationship through SVS, we affirm the district court's grant of summary judgment in favor of Avitech/Gong because Apantac did not establish that it suffered cognizable damages as a result of that interference. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009) (we may affirm a grant of summary judgment "on any basis supported by the record").

Apantac claims as "damages" the legal costs Elite incurred (and Apantac reimbursed) in defending the suits against SVS. Apantac's arguments that it was legally obligated to indemnify Elite are not persuasive. There was no contract that required Apantac to provide for or reimburse Elite's legal costs. There is no basis for a legal obligation under the common law theories of unjust enrichment or indemnity under these circumstances. Because Apantac did not assert cognizable damages, summary judgment in favor of Avitech/Gong was proper.

**AFFIRMED.**

3